# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00004-CV

**Laura Dow, Appellant**

**v.**

**New Century Mortgage Company, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. GN401975, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 3, 2007, Laura Dow's "Motion for Appeal" was filed in this Court. In it, Dow "petitions this court to grant appeal and a default judgement." Dow claims that New Century Mortgage Company filed a lawsuit against her on June 23, 2004, but withdrew its lawsuit on August 11, 2004. Dow asserts that she never received notice of the nonsuit and filed a counterclaim against New Century on January 20, 2005, seeking damages and to remove allegedly unconstitutional liens on her property. Dow alleges that New Century did not respond, so she moved for a default judgment, but "was notified by the Travis County Clerk's Office that [she] had been dismissed from the lawsuit by Plaintiff." Dow asks this Court to "award [her] return of [her] property," remove any liens against her property, and grant her a default judgment.

On March 12, 2007, this Court sent the district clerk a letter notifying her that the clerk's record in this case was overdue and requesting the clerk's record or an explanation about why it could not be provided by March 22. On April 9, 2007, the court clerk responded, writing,

Appellant's notice of appeal, filed July 3, 2006, makes no mention of any one particular Order to be appealed. In addition, no order on Defendant's motion for default judgment, filed June 26, 2006, is on file in this court. For this reason, a clerk's record cannot be completed on this case. Attached is a copy of this court's docket sheet.

The docket sheet indicates that Dow's "Motion for Appeal" was filed in the trial court on July 3, 2006. We are unable to explain why six months elapsed between the filing of Dow's "Motion for Appeal" in the trial court and its filing in this Court. However, we need not resolve this issue because Dow has not shown that there is any final order from the trial court that she is entitled to appeal.

On April 17, 2007, this Court sent a letter to Dow informing her that it does not appear that a final judgment exists in her case and requesting that she demonstrate that a final judgment exists by April 30, 2007, to prevent the dismissal of her case. Dow has not responded.

Appellate courts may only review final judgments or interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2006) (listing appealable interlocutory orders). Because Dow has presented no appealable judgment or order, this Court lacks jurisdiction. Accordingly, we dismiss the appeal.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: May 29, 2007

2